```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


PETER A. McLAUGHLIN,              )
                                  )
           Plaintiff,             )
                                  )
      vs.                         )    No. 4:06-CV-1106 (CEJ)
                                  )
BANK OF AMERICA, INC., N.A.,      )
                                  )
           Defendant.             )
```

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded and the issues are fully briefed.

Plaintiff alleges a breach of third-party beneficiary rights, in that defendant Bank of America refused to transfer funds to him from the account of Mary Palmer, one of defendant's customers. Plaintiff also makes a prima facie tort claim, alleging that defendant's refusal resulted in the reckless endangerment of his life. He seeks damages in the amount of $500,000. Plaintiff claims that diversity jurisdiction exists in this matter, asserting that he is a Pennsylvania resident while defendant does business in St. Louis, Missouri. No further representations are made regarding the citizenship of either party.

### I. Background

Plaintiff alleges that he entered defendant's St. Louis branch seeking a funds transfer because he needed money in order to return to his home in Pennsylvania. One of defendant's customers, Mary Palmer, had a bank account at defendant's Pennsylvania branch, and

was willing to transfer funds from that account to plaintiff in St. Louis. Nevertheless, defendant refused to perform the funds transfer because plaintiff did not provide any identification. Defendant's policy requires proof of identification from any person who does not have a deposit account with defendant.[1] In compliance with this policy, defendant's employees informed plaintiff that they would not be able to perform the funds transfer. Plaintiff asked the manager of defendant's St. Louis branch, Julie Long, to do some "creative reasoning" because he was experiencing an emergency. Specifically, plaintiff suggested that Ms. Long call Mary Palmer, who was standing by at the Pennsylvania branch, to verify his identity via telephone. Ms. Long rejected plaintiff's requests and refused to perform the funds transfer without identification.

**II. Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint

---

[1]In his response to this motion, plaintiff claims that he does have a line of credit with defendant in Pennsylvania. However, plaintiff admits that he did not provide this information to defendant during his attempt to obtain a funds transfer.

are assumed true and construed in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. <u>Id.</u> Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

<u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)).

### III. **Discussion**

Defendant argues that plaintiff's complaint not only fails to state a claim upon which relief can be granted, but also fails to properly allege that federal diversity jurisdiction exists. Plaintiff states that he resides in Pennsylvania and defendant operates out of St. Louis, Missouri. However, as defendant points out, plaintiff makes no claims as to the citizenship of either party.

"One who invokes the jurisdiction of a federal district court must allege in his complaint the facts essential to show jurisdiction." <u>Burkhardt v. Bates</u>, 296 F.2d 315, 316 (8th Cir. 1961). "It is diversity of citizenship and not diversity of residence which gives a federal court jurisdiction in a case where the requisite jurisdictional amount is in controversy." <u>Texaco-Cities Service Pipe Line Co. v. Aetna Cas. & Sur. Co.</u>, 283 F.2d 144, 145 (8th Cir. 1960). Indeed, "[d]iversity jurisdiction

requires that the parties be *citizens* of different States." Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987)(emphasis in original). Plaintiff has not alleged that he is a citizen of Pennsylvania or that defendant is a citizen of any different state. Further, "[w]here the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Id. (quoting Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). Here, plaintiff states only that "[d]efendant does business at One Bank of America Plaza, St. Louis, Missouri." On its face, plaintiff's complaint fails to adequately plead diversity of citizenship.

However, the Court is mindful that plaintiff is proceeding *pro se*, and therefore his complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519 (1972). Indeed, "in circumstances where a petitioner's poverty forces him to proceed *pro se*, a court ought not to reject on technical grounds a right inserted within the hand-drawn (*pro se*) complaint." Drone v. Hutto, 565 F.2d 543, 544 (8th Cir. 1977).

Construing plaintiff's complaint liberally, the Court finds that plaintiff intended to assert that he was a citizen of Pennsylvania. In his response to this motion, he calls Pennsylvania his "home". Further, while plaintiff does not specify defendant's place of incorporation or principal place of business, plaintiff does state that defendant "does business at One Bank of America Plaza, St. Louis, Missouri. Additionally, defendant has

not disputed that diversity jurisdiction actually exists in this matter. Given that plaintiff's complaint must be construed liberally, the Court will not dismiss this action for failure to adequately plead diversity jurisdiction. Instead, the Court will turn to whether the complaint otherwise states a claim upon which relief can be granted.

Plaintiff's first claim is a third party beneficiary claim. A third-party beneficiary is "one who is not privy to a contract or its consideration but who may nonetheless maintain a cause of action for breach of the contract." Andes v. Albano, 853 S.W.2d. 936, 942 (Mo. banc 1993)(internal citations omitted). "To state a cause of action for breach of contract, plaintiff must plead: (1) mutual agreement between parties capable of contracting; (2) mutual obligations arising out of the agreement; (3) valid consideration; (4) part performance by one party; and (5) damages resulting from the breach of contract." Brickey v. Concerned Care of Midwest, Inc., 988 S.W.2d. 592, 594 (Mo. App. E.D., 1999)(internal citations omitted).

Plaintiff does not identify any contract for which he was a party or third party beneficiary. Indeed, the only indication in the entire complaint of the existence of any relevant contract is where plaintiff states that his cause of action is "breach of third party beneficiary rights." While the Court is bound to accept plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual

allegations." Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 870 (8th Cir. 2002). Plaintiff's statement that his third party beneficiary rights were breached is merely a legal conclusion unsupported by any allegations of fact. Because plaintiff has not made any factual allegations showing the existence of a contract for which he was a party or third party beneficiary, his contract claim fails.

Plaintiff's second claim "requests relief sounding in prima facie tort because of defendant's reckless endangerment of plaintiff's life." To raise a prima facie tort claim, the plaintiff must show: "(1) an intentional lawful act by the defendant, (2) an intent to cause injury to the plaintiff, (3) injury to the plaintiff, and (4) an absence of or insufficient justification for the defendant's acts." Balke v. Ream, 33 S.W.3d. 589, 594 (Mo. App. W.D., 2000).

Plaintiff attempts to support this claim by alleging that, even though he was experiencing an emergency and needed the funds transfer, he was still turned away by defendant. Even accepting plaintiff's factual allegations as true, plaintiff has failed to state a claim for prima facie tort. Plaintiff does not offer any factual allegations to support his legal conclusion that defendant recklessly endangered his life. There is no indication that defendant intended to cause any injury to plaintiff. Instead, plaintiff essentially claims that defendant recklessly endangered his life by refusing to perform a funds transfer for him when he was in need of money, even when there was no relationship between

him and defendant.  These factual allegations fall short of stating a valid legal claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#6] is **granted**.

A separate order of dismissal will accompany this Memorandum and Order.

```
                              _____
                              CAROL E. JACKSON
                              UNITED STATES DISTRICT JUDGE
```

Dated this 3rd day of January, 2007.